## Wilson, Appellant *v.* Pericat.

*Evidence—Burden of proof—Principal and agent—Sales.*

In a suit by a grower of orchid blooms against her head gardener to recover the value of the blooms which she alleged he had sold for her account in his own name to a dealer, where the defendant claims that some of the blooms which he had sold to the dealer were of his own growth, and that the others had been given to him by the plaintiff, and the plaintiff offers in evidence the account of the dealer, conceded to be correct, showing all the blooms which the dealer had purchased from the defendant, the burden of proof is upon the defendant to show what blooms in the account were sold by him as his own property.

Argued Feb. 5, 1912. Appeal No. 66, Jan. T., 1910, by plaintiff from judgment of C. P. Del. Co., March T., 1906, No. 85, on verdict for defendant in case of Edna Wilson v. Alphonse Pericat. Before FELL, C. J., BROWN, MESTREZAT, ELKIN and MOSCHZISKER, JJ. Reversed.

Capias ad respondendum trespass to recover for money had and received. Before BROOMALL, J.

The facts are stated in the opinion of the Supreme Court.

The court charged in part as follows:

"Pausing at that point, if some of these orchid blooms belonged to Mr. Pericat himself either flowering upon his own plants in this green-house or in the spring of 1903, March or April or after that, any of these orchid blooms came from his green-house, then, of course, they were his and he had a right to sell them and appropriate the proceeds. Hence I say if all of the blooms which Mr. Pennock sold belonged to the plaintiff that part of her case would be fully made out; but just to the extent that she leaves that question open just to that extent there is derogation from her proof. I don't recall any evidence as to the quantity of these blooms which Mr. Pericat himself

may have owned. Her contention is, however, that all of the blooms which the defendant delivered to Mr. Pennock for sale were hers. That is her contention. If there is any evidence in the case by which you can segregate them, the blooms which Mr. Pennock sold, segregate the plaintiff's from those which belonged to Mr. Pericat, that should be done. I may say, however, that so far as the blooms which may have belonged and for which Mr. Pericat is concerned, the quantity does not appear. My impression of the matter is that the quantity was proportionately small as contrasted with the aggregate amount. Whatever that amount of blooms, however, which you conclude belonged to the plaintiff which Mr. Pennock sold—whatever that amount is, it next becomes her duty under the stress of holding the laboring oar to prove their value. Now that she essays to do by proving what Mr. Pennock sold them for." (1)

"If you stopped at that point and the contention didn't go any further, then she would be entitled to a verdict for $1252.45 plus interest say from May, 1903, the close of the transaction, May, 1903, a matter approaching six years ago, she would be entitled to a verdict for that sum, subject as I again repeat to whatever you conclude to determine from the evidence as to how much of these blooms belonged to Mr. Pericat. Therefore, subject as I have said she has at this point filled the requirement which the law imposes upon her when she undertakes to shoulder the burden of proof which rests upon her." (2)

"A correct account of these blooms sold by Mr. Pennock might be to charge Mr. Pericat with the amount of money he received from Mr. Pennock, $1265.60, from which I assumed should be deducted whatever expenses Mr. Pericat was at in obtaining this $1,265.60, on the other side of the account, whatever that amount would be after eliminating, if there should be any, eliminating any of his own blooms, and after deducting his expenses, and the balance might be shown by the account." (3)

"Now, if the difference between $1085.18 ,and $1265.60

is made up of what Mrs. Wilson gave him and of what his expenses were, and whatever part you think was derived from his own blooms, then that is a correct account. But you cannot solve a problem in algebra if there are too many unknown quantities which you have no means of ascertaining or fixing. So that whatever that account in your judgment has lost, give it your consideration. I may say that so far as my impressions are concerned I fail to see that much can be gathered from it." (4)

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* among others were (1-4) above instructions, quoting them.

*Reynolds D. Brown* and *V. Gilpin Robinson,* with them *Charles F. DaCosta,* for appellant.

*O. B. Dickinson,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, March 18, 1912:

We think the learned court below erred in placing the burden on the plaintiff of showing what part of the orchid blooms sold by Pennock belonged to her and for which she was entitled to have an accounting. The defendant had been for several years the head gardener of the plaintiff and delivered the blooms to Pennock to be sold in the plaintiff's name. The defendant failed to account for the blooms sold, and the plaintiff brought this action. She makes two claims: one of $1160.99 for blooms sold for which there was no accounting by the defendant, and another for a balance of $265.60 due for blooms authorized by her to be sold and for which there was a partial accounting. The defense to the first claim was that the blooms were a gift by plaintiff to the de-

fendant.  As to the second claim, the defendant ad-
mitted that the sales were made by the authority of the
plaintiff and on her account, and that there was a bal-
ance of about $86 due the plaintiff, but alleged that the
plaintiff refused to accept the amount and gave it to
the defendant.  The plaintiff denied that she had given
the defendant the blooms for which there had been no
accounting, and alleged that there was a balance of $265
due her on the blooms she authorized the defendant to
sell.

The learned court instructed the jury that the burden
was upon the plaintiff to show that all the blooms sold
by the defendant belonged to her and that no part of
them belonged to the defendant or came from his green-
house.  The plaintiff offered in evidence Pennock's ac-
count with the defendant which showed the several
items of blooms sold by Pennock for the defendant and
the dates on which the sales were made.  This statement
was conceded to be correct.  If nothing else had ap-
peared in the evidence the defendant would have been
required to account to the plaintiff for the balance due
on the sales shown by that account.  He had partially
accounted to the plaintiff for the blooms sold by her
orders.  As to the balance alleged to be due the plaintiff
on this claim, his defense was twofold: that part of the
blooms came from his own green-house and that the
plaintiff had made a gift to him of the others.  Under
these circumstances, the burden was clearly upon him to
show what blooms of those sold belonged to him.  He
was the employee and the agent of the plaintiff in mak-
ing the sales through Pennock.  He knew or should
have known what blooms came from Mrs. Wilson's
green-house and what came from his own green-house.
It was his duty to keep an accurate account.  They were
sold by the defendant in his own name.  There is noth-
ing in the Pennock account showing the number of
blooms which belonged to the plaintiff and which be-
longed to the defendant.  The evidence of the fact is

entirely within the defendant's knowledge. The plaintiff has no way of establishing the exact number of blooms which were taken from her green-house and sold by Pennock. It is conceded that substantially all of the blooms came from Mrs. Wilson's green-house, but there is no evidence which will segregate those from the blooms if any, which were sold from the defendant's green-house. While it was incumbent upon the plaintiff to show the number of blooms belonging to her which the defendant sold, she did so by producing the Pennock account, and the burden was then shifted to the defendant of showing the number of blooms of his own which Pennock sold, in view of the defense that he was the owner of part of the blooms sold by Pennock. Having set up as a partial defense that some of the blooms sold belonged to him, he was required to establish the fact to the satisfaction of the jury.

The learned court below charged that "if all of the blooms which Mr. Pennock sold belonged to the plaintiff that part of her case would be fully made out; but just to the extent that she leaves that question open just to that extent there is derogation from her proof. I don't recall any evidence as to the quantity of these blooms which Mr. Pericat (defendant) himself may have owned." Under these instructions the jury would have been warranted in finding that all the blooms claimed by the plaintiff came from the defendant's green-house and such a finding would have defeated a recovery by the plaintiff. Of course, if the jury had found that all the blooms not accounted for were given to the defendant, the instructions were harmless, but the jury may have found under the charge that none of those blooms were given to the defendant but that he owned them because the plaintiff failed to show that they belonged to her. The jury should have been told that, in view of the evidence then before them, it was incumbent upon the defendant to show what blooms, sold by him and contained in the Pennock account, came from his green-house or

belonged to him, and failing to do so the plaintiff was entitled to recover for the quantity of blooms shown by the Pennock account unless, as alleged, they were given to the defendant by the plaintiff.

The first, second, third and fourth assignments of error must be sustained. The questions raised by the other assignments need not be considered in view of the fact that the case goes back for another trial.

The judgment is reversed with a venire facias de novo.